# EXHIBIT "A"

| | SUM-100 |
|---|---|
| **SUMMONS** *(CITACION JUDICIAL)* | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |

NOTICE TO DEFENDANT: PRESTIGE CARE, INC., a Washington
*(AVISO AL DEMANDADO):* corporation; and DOES 1 THROUGH 25, INCLUSIVE

FILED
2018 MAR 14 P 3:00
STEPHEN L. NASH
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA
BY_____ DEPUTY

YOU ARE BEING SUED BY PLAINTIFF: JOHN MUIR HEALTH, a
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* California non-
profit public benefit corporation

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: CASE NUMBER: C18-00545
*(El nombre y dirección de la corte es):*

CONTRA COSTA SUPERIOR COURT
725 Court Street
Martinez, CA 94553
Wakefield Taylor Courthouse

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
NESREIN EL-HADDAD, ESQ. (SBN 314965)        818-559-4477    818-559-5484
LAW OFFICES OF STEPHENSON, ACQUISTO & COLMAN, INC.
303 N. GLENOAKS BLVD., SUITE 700
BURBANK, CA 91502

DATE: MAR 14 2018        Clerk, by   C.A. JACALA    , Deputy
*(Fecha)*                *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

**EXHIBIT A - PAGE 02**

```
STEPHENSON, ACQUISTO & COLMAN
JOY STEPHENSON-LAWS, ESQ.    (SBN 113755)
BARRY SULLIVAN, ESQ.         (SBN 136571)
RICHARD A. LOVICH, ESQ.      (SBN 113472)
CHRISTOPHER HAPAK, ESQ.      (SBN 267212)
NESREIN EL-HADDAD, ESQ.      (SBN 314963)
303 N. Glenoaks Blvd., Suite 700
Burbank, CA 91502
Telephone:  (818) 559-4477
Facsimile:  (818) 559-5484

Attorneys for Plaintiff, JOHN MUIR HEALTH
```

FILED

PER LOCAL RULE, THIS CASE IS ASSIGNED TO DEPT___ FOR ALL PURPOSES.

SUPERIOR COURT OF CALIFORNIA

FOR THE COUNTY OF CONTRA COSTA

UNLIMITED JURISDICTION

| | |
|---|---|
| JOHN MUIR HEALTH, a California non-profit public benefit corporation,<br><br>        Plaintiff,<br>vs.<br><br>PRESTIGE CARE, INC., a Washington corporation; and DOES 1 THROUGH 25, INCLUSIVE<br><br>        Defendants. | Case No.: C18-00545<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. BREACH OF WRITTEN CONTRACT<br><br>2. BREACH OF IMPLIED-IN-FACT CONTRACT;<br><br>3. *QUANTUM MERUIT* |

////

- 1 -   COMPLAINT FOR DAMAGES

## PARTIES

1. Plaintiff JOHN MUIR MEDICAL CENTER ("John Muir") is a non-profit public benefit corporation organized and existing pursuant to the laws of the State of California. John Muir Medical Center has its principal place of operation in the City of Walnut Creek, County of Contra Costa, State of California. John Muir Medical Center operates the John Muir Medical Center, Walnut Creek Campus and the John Muir Medical Center, Concord Campus. John Muir Medical Center provides medical care to patients.

2. Defendant PRESTIGE CARE, INC. ("Prestige Care, Inc.") is a for-profit corporation organized and existing pursuant to the laws of the State of Washington. Prestige Care, Inc. has its principal place of business in the city of Vancouver, County of Clark, State of Washington. In addition to operating as a senior living services company, Prestige Care, Inc. also operates a health plan to cover its employees.

3. John Muir is unaware of the true names and capacities, whether corporate, associate, individual, partnership or otherwise of defendants Does 1 through 25, inclusive, and therefore sues such defendants by such fictitious names. John Muir will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

4. Prestige Care, Inc. and Does 1 through 25, inclusive, shall be collectively referred to as "Prestige Care, Inc."

5. Defendants, and each of them, at all relevant times, have transacted business in the State of California. The violations alleged within this

1  complaint have been and are being carried out in the state of California, county of
2  Contra Costa.
3
4        6.    At all relevant times each of the defendants, including the
5  defendants named "Doe," was and is the agent, employee, employer, joint venturer,
6  representative, alter ego, subsidiary, and/or partner of one or more of the other
7  defendants, and was, in performing the acts complained of herein, acting within the
8  scope of such agency, employment, joint venture, or partnership authority, and/or
9  is in some other way responsible for the acts of one or more of the other
10 defendants.
11
12 **COMMON FACTUAL BACKGROUND**
13
14       7.    At all relevant times, Private Healthcare Systems ("PHCS") had
15 entered into various written contracts with hospitals (collectively, the "PHCS
16 Hospital Agreements"). According to the PHCS Hospital Agreements, hospitals
17 agreed to render medically necessary care to individual enrollees of health plans,
18 which health plans were or would be registered with PHCS as payer signatories
19 ("Payer") to the PHCS Hospital Agreements. In exchange, PHCS agreed on behalf
20 of each such Payer that the Payers would pay such hospitals for the medically
21 necessary care rendered to the individual enrollees of that Payer's health plan at the
22 PHCS Hospital Agreements rates.
23
24       8.    At all relevant times, Prestige Care, Inc. had contracted with
25 Employee Benefit Management Services as a third party administrator for Prestige
26 Care, Inc.'s self-funded health plan. At all relevant times, Employee Benefit
27
28

FC 20404      - 3 -    COMPLAINT FOR DAMAGES

1   Management Services was registered with PHCS as a payer signatory to the PHCS
2   Hospital Agreement so as to gain access to the discounted Contract Rates.[1]
3   Prestige Care, Inc., through its third party administrator, Employee Benefit
4   Management Services, hence agreed to pay hospitals and/or physicians for the
5   medically necessary care rendered to the individual enrollees of Prestige Care,
6   Inc.'s health plan pursuant to the terms of the PHCS Hospital Agreements.

8       9.      At all relevant times, John Muir had entered into the PHCS
9   Hospital Agreement as a provider of medically necessary care for the benefit of all
10  individual enrollees of health plans who were or would be registered as Payer
11  signatories, such as Employee Benefit Management Services and by extension
12  Prestige Care, Inc., under that contract. Thus, under the PHCS Hospital
13  Agreement, John Muir agreed to render medically necessary care to the individual
14  enrollees of Prestige Care, Inc.'s health plan; in exchange, Prestige Care, Inc.
15  (being a Payer signatory through Employee Benefit Management Services) agreed
16  to pay John Muir the negotiated rates pursuant to the terms of the PHCS Hospital
17  Agreement for that care. In general, the negotiated rates under the PHCS Hospital
18  Agreement provide for medically necessary care to be paid at a discount off of
19  John Muir's usual and customary total billed charges.

21      10.     As a Provider under the PHCS Hospital Agreement, John Muir
22  agreed to submit bills to Prestige Care, Inc. and/or Employee Benefit Management
23  Services reflecting John Muir's usual and customary total billed charges associated

---

[1] While functionally operating as a senior living services company, Prestige Care, Inc. also operates a health plan to cover its employees. It is in Prestige Care, Inc.'s capacity as a health plan that is at issue in the present dispute as John Muir provided medical services to a Prestige Care, Inc. health plan beneficiary, which remain unpaid.

PC 20404                                  - 4 -                    COMPLAINT FOR DAMAGES

with rendering medically necessary care to the individual enrollees of the Prestige Care, Inc. health plan. In exchange, Prestige Care, Inc., through Employee Benefit Management Services, agreed to process and pay such claims according to the rates specified in the PHCS Hospital Agreement (*i.e.*, John Muir's usual and customary total billed charges less a specified discount).

11. At all relevant times, a Patient L.V. (ID *******78)[2] ("Patient L.V.") was an individual member of the PHCS health plan.

12. Patient L.V. was treated at John Muir for endometrial carcinoma from November 16, 2015 through November 20, 2015 and again from September 1, 2016 through September 30, 2016. For the duration of Patient L.V.'s stay(s), John Muir rendered medically necessary care to Patient L.V.

13. John Muir's usual and customary total billed charges for rendering the medically necessary care to Patient L.V. from November 16, 2015 through November 20, 2015 amounted to $118,028.48. The usual and customary total billed charges for care rendered on September 1, 2016 through September 30, 2016 amounted to $93,562.50. Thus, according to the discounted rates specified (75%) within the PHCS Hospital Agreement, Prestige Care, Inc. owed John Muir $125,678.25 for such care (the "Contract Amount Due").

---

[2] In deference to the Patients' privacy concerns enumerated in Cal. Const. art. I, § 1 as well as the Health Insurance Portability and Accountability Act of 1996 (42 U.S.C. §§ 1320d *et seq.*), John Muir omitted here information sufficient to reveal the identity of Patient. Patient has been identified by initials and the last four digits of the Patient ID number.

FC 20404         - 5 -         COMPLAINT FOR DAMAGES

1  14.  John Muir timely and properly submitted the billed charges to Prestige Care, Inc. through Employee Benefit Management Services, for payment by Prestige Care, Inc.

15.  Prestige Care, Inc. has made small payments, $18,504.72 on the November 2015 stay and $14,510.27 on the September 2016 stay, on the claims for the medically necessary services provided by John Muir to Patient L.V.

## FIRST CAUSE OF ACTION
(Breach of Written Contract)
(Against defendant Prestige Care, Inc.)

16.  John Muir incorporates by reference and re-alleges paragraphs 1 through 15 here as though set forth in full.

17.  As stated above, under the written PHCS Hospital Agreement, John Muir agreed to render medically necessary care to the individual enrollees of Prestige Care, Inc.'s health plan; in exchange for which Prestige Care, Inc. agreed, as a Payer signatory through Employee Benefit Management Services, to pay John Muir, for such care pursuant to the negotiated discounted rates specified within the PHCS Hospital Agreement.

18.  John Muir performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the PHCS Hospital Agreement.

19.  John Muir demanded Prestige Care, Inc. to perform its

FC 20404                                - 6 -                   COMPLAINT FOR DAMAGES

obligations to pay John Muir the Contract Amount Due for the medically necessary care rendered to Patient L.V.

20. Prestige Care, Inc. breached the PHCS Hospital Agreement by failing to pay John Muir the entire amount of the Contract Amount Due.

21. As a result of the breach by Prestige Care, Inc., John Muir suffered damages in the sum of $125,678.25.

## SECOND CAUSE OF ACTION
(Breach of Implied-In-Fact Contract)
(Against defendants Prestige Care, Inc.)

22. John Muir incorporates by reference and re-alleges paragraphs 1 through 15 here as though set forth in full.

23. At all relevant times, John Muir was a provider member of the PHCS Network and as such agreed to render medically necessary care to individual enrollees of health plans, which health plans were or would be registered with PHCS as Payer[s].

24. At all relevant times, Prestige Care, Inc. through Employee Benefit Management Services, was a Payer member of the PHCS Network and as such agreed to pay PHCS healthcare provider members, such as John Muir, the negotiated rates pursuant to the terms of the PHCS Hospital Agreement for the medical services rendered to its beneficiaries.

25. John Muir and Prestige Care, Inc., through their respective

PC 20404 — 7 — COMPLAINT FOR DAMAGES

conduct of joining and participating in the PHCS network, evidenced assent to enter into an agreement concerning the provision of medical services and the payment for the provision of said services.

26. John Muir, in providing medically necessary treatment to Patient L.V., a Prestige Care, Inc. beneficiary, has fully satisfied all of its obligations to Prestige Care, Inc.

27. Prestige Care, Inc., on the other hand, has not satisfied its respective obligations to John Muir by failing to reimburse John Muir for the services rendered to Patient L.V.

28. As a result of the breach by Prestige Care, Inc., John Muir suffered damages in the sum of $125,678.25, the discounted amount due under the PHCS Hospital Agreement.

### THIRD CAUSE OF ACTION
*(Quantum Meruit)*
(Against defendants Prestige Care, Inc.)

29. John Muir incorporates by reference and re-alleges paragraphs 1-6, 11, 12, 14, 15 here as though set forth in full.

30. Based upon Prestige Care, Inc.'s agent's, and/or Prestige Care, Inc.'s enrollee's special request and insistence, John Muir rendered medical care to Patient L.V. as described herein. The usual and customary value of the medical care so rendered was $211,590.98.

31. The labor, equipment, and materials so rendered permitted Prestige Care, Inc. to meet its duties and obligations under Prestige Care, Inc.'s health plan contract with its enrollees. Thus, Prestige Care, Inc. realized a benefit from the labor, equipment, and materials so rendered by John Muir.

32. Prestige Care, Inc. and/or its agent was aware of the benefit it realized from the labor, equipment, and materials so rendered by John Muir, and Prestige Care, Inc. accepted and enjoyed such benefit without protest.

33. It would be inequitable to allow Prestige Care, Inc. to retain the value of the labor, equipment, and materials without paying for the full value of said labor, equipment, and materials.

34. Although properly and timely billed, Prestige Care, Inc. has made only small payments on the Patient L.V. claim, leaving a balance of $178,575.99, which represents the usual and customary value for the services provided by John Muir to Patient L.V.

## PRAYER FOR RELIEF

WHEREFORE, John Muir prays for judgment as follows:

For the First and Second Causes of Action:

1. for the principal sum of $125,678.25;

2. for interest on such principal sum at the rate of 10% per annum, pursuant to Cal. Civ. Code § 3289;

For the Third Cause of Action:

    3. for the principal sum of $178,575.99;

    4. for interest on such principal sum at the rate of 10% per annum, pursuant to Cal. Civ. Code § 3289;

For All Causes of Action;

    5. for all costs of suit incurred herein; and,

    6. for such other and further relief as the Court deems just and proper.

Dated: 3/12/18

STEPHENSON, ACQUISTO & COLMAN

*[signature]*

NESREIN EL-HADDAD
Attorneys for
JOHN MUIR HEALTH

FC 20404      - 10 -    COMPLAINT FOR DAMAGES