**FISHERBROYLES, LLP**
Timothy L. Moore, Esq.
CA Bar No. 305168
811 Mason Street
San Francisco, CA 94108
T: 619-678-1588
F: 619-275-7479
timothy.moore@fisherbroyles.com

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ELISE D. KLEIN, SB# 111712
    E-Mail: Elise.Klein@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant PRESTIGE CARE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MUIR HEALTH, a California non-profit public benefit corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PRESTIGE CARE, INC., a Washington corporation, and DOES 1 through 25, inclusive,<br><br>　　　　Defendants. | Case No.: 3:18-cv-02347<br><br>**ANSWER OF PRESTIGE CARE, INC.** |

Defendant Prestige Care, Inc., ("Defendant"), hereby submits its Answer to the Complaint of plaintiff John Muir Health ("Plaintiff"), as follows:

///

///

///

Defendant's Answer and Affirmative Defenses - 1

## PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the accuracy or veracity of, and therefore denies, the allegations in Paragraph 1 of Plaintiff's Complaint.

2. Plaintiff admits the allegations of Paragraph 2 of the Complaint.

3. Defendant is without knowledge or information sufficient to form a belief as to the accuracy or veracity of, and therefore denies, the allegations in Paragraph 3 of Plaintiff's Complaint.

4. Paragraph 4 does not contain allegations to which a response is required. To the extent any response is required, Defendant denies the allegations of Paragraph 4 of the Complaint.

5. Defendant is without knowledge or information sufficient to form a belief as to the accuracy or veracity of the allegations in Paragraph 5 of Plaintiff's Complaint.  Further, Paragraph 5 sets forth a legal conclusion. For these reasons, Defendant denies the allegations of Paragraph 5 of the Complaint.

6. Defendant is without knowledge or information sufficient to form a belief as to the accuracy or veracity of the allegations in Paragraph 6 of Plaintiff's Complaint.  Further, Paragraph 6 sets forth a legal conclusion. For these reasons, Defendant denies the allegations of Paragraph 6 of the Complaint.

## COMMON FACTUAL BACKGROUND

7. Defendant is without knowledge or information sufficient to form a belief as to the accuracy or veracity of the allegations in Paragraph 7 of Plaintiff's Complaint.  Further,

Paragraph 7 sets forth a legal conclusion. For these reasons, Defendant denies the allegations of Paragraph 7 of the Complaint.

8. Defendant denies the allegations of Paragraph 8 of the Complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the accuracy or veracity of the allegations in Paragraph 9 of Plaintiff's Complaint. Further, Paragraph 9 sets forth a legal conclusion. For these reasons, Defendant denies the allegations of Paragraph 9 of the Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the accuracy or veracity of the allegations in Paragraph 10 of Plaintiff's Complaint. Further, Paragraph 10 sets forth a legal conclusion. For these reasons, Defendant denies the allegations of Paragraph 10 of the Complaint.

11. Defendant is without knowledge or information sufficient to form a belief as to the accuracy or veracity of the allegations in Paragraph 11 of Plaintiff's Complaint. Further, Paragraph 11 sets forth a legal conclusion. For these reasons, Defendant denies the allegations of Paragraph 11 of the Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the accuracy or veracity of the allegations in Paragraph 12 of Plaintiff's Complaint. Further, Paragraph 12 sets forth a legal conclusion. For these reasons, Defendant denies the allegations of Paragraph 12 of the Complaint.

13. Defendant denies that Plaintiff's usual and customary charges for at-issue hospital services are equal to the amounts identified in Paragraph 13 of the Complaint. To the contrary, upon information and belief, Plaintiff's usual and customary charges are significantly less than the amounts alleged, and Defendant therefore denies the allegations of Paragraph 13 of the

Complaint. Defendant is without knowledge or information sufficient to form a belief as to the accuracy or veracity of the remaining allegations in Paragraph 13 of Plaintiff's Complaint. Further, Paragraph 13 sets forth a legal conclusion. For these reasons, Defendant denies the remaining allegations of Paragraph 13 of the Complaint.

14. Defendant is without knowledge or information sufficient to form a belief as to the accuracy or veracity of the allegations in Paragraph 14 of Plaintiff's Complaint. Further, Paragraph 14 sets forth a legal conclusion. For these reasons, Defendant denies the allegations of Paragraph 14 of the Complaint.

15. Defendant admits that Plaintiff was paid for hospital services. Defendant denies the remaining allegations of Paragraph 15 of the Complaint.

**FIRST CAUSE OF ACTION**

(Breach of Written Contract)

(Against defendant Prestige Care, Inc.)

16. Paragraph 16 does not contain allegations to which a response is required. To the extent any response is required, Defendant denies the allegations of Paragraph 16 of the Complaint.

17. Defendant is without knowledge or information sufficient to form a belief as to the accuracy or veracity of the allegations in Paragraph 17 of Plaintiff's Complaint. Further, Paragraph 17 sets forth a legal conclusion. For these reasons, Defendant denies the allegations of Paragraph 17 of the Complaint.

18. Defendant is without knowledge or information sufficient to form a belief as to the accuracy or veracity of the allegations in Paragraph 18 of Plaintiff's Complaint. Further,

Paragraph 18 sets forth a legal conclusion. For these reasons, Defendant denies the allegations of Paragraph 18 of the Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the accuracy or veracity of the allegations in Paragraph 19 of Plaintiff's Complaint. Further, Paragraph 19 sets forth a legal conclusion. For these reasons, Defendant denies the allegations of Paragraph 19 of the Complaint.

20. Defendant denies the allegations of Paragraph 20 of the Complaint.

21. Defendant denies the allegations of Paragraph 21 of the Complaint.

## SECOND CAUSE OF ACTION

(Breach of Implied-In-Fact Contract)

(Against defendants [sic] Prestige Care, Inc.)

22. Paragraph 22 does not contain allegations to which a response is required. To the extent any response is required, Defendant denies the allegations of Paragraph 22 of the Complaint.

23. Defendant is without knowledge or information sufficient to form a belief as to the accuracy or veracity of the allegations in Paragraph 23 of Plaintiff's Complaint. Further, Paragraph 23 sets forth a legal conclusion. For these reasons, Defendant denies the allegations of Paragraph 23 of the Complaint.

24. Defendant denies the allegations of Paragraph 24 of the Complaint.

25. Defendant denies the allegations of Paragraph 25 of the Complaint.

26. Defendant is without knowledge or information sufficient to form a belief as to the accuracy or veracity of the allegations in Paragraph 26 of Plaintiff's Complaint. Further,

Paragraph 26 sets forth a legal conclusion. For these reasons, Defendant denies the allegations of Paragraph 26 of the Complaint.

27. Defendant denies the allegations of Paragraph 27 of the Complaint.

28. Defendant denies the allegations of Paragraph 28 of the Complaint.

### THIRD CAUSE OF ACTION

(Quantum Meruit)

(Against defendants [sic] Prestige Care, Inc.)

29. Paragraph 29 does not contain allegations to which a response is required. To the extent any response is required, Defendant denies the allegations of Paragraph 29 of the Complaint.

30. Defendant denies the allegations of Paragraph 30 of the Complaint.

31. Defendant is without knowledge or information sufficient to form a belief as to the accuracy or veracity of the allegations in Paragraph 31 of Plaintiff's Complaint. Further, Paragraph 31 sets forth a legal conclusion. For these reasons, Defendant denies the allegations of Paragraph 31 of the Complaint.

32. Defendant is without knowledge or information sufficient to form a belief as to the accuracy or veracity of the allegations in Paragraph 32 of Plaintiff's Complaint. Further, Paragraph 32 sets forth a legal conclusion. For these reasons, Defendant denies the allegations of Paragraph 32 of the Complaint.

33. Defendant is without knowledge or information sufficient to form a belief as to the accuracy or veracity of the allegations in Paragraph 33 of Plaintiff's Complaint. Further, Paragraph 33 sets forth a legal conclusion. For these reasons, Defendant denies the allegations of Paragraph 33 of the Complaint.

34. Defendant admits that Plaintiff was paid for hospital services. Defendant denies the remaining allegations of Paragraph 34 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief, specifically:

1. Defendant denies that Plaintiff is entitled to $125,678.25;

2. Defendant denies that Plaintiff is entitled to interest in any amount on a principal amount of $125,678.25;

3. Defendant denies that Plaintiff is entitled to $178,575.99;

4. Defendant denies that Plaintiff is entitled to interest in any amount on a principal amount of $178,575.99;

5. Defendant denies that Plaintiff is entitled to costs; and

6. Defendant denies that Plaintiff is entitled to any other relief.

## AFFIRMATIVE DEFENSES

Incorporating the foregoing facts and responses to the allegations of Plaintiff's Complaint, Defendant asserts the following Affirmative Defenses:

### FIRST DEFENSE

Plaintiff failed to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### THIRD DEFENSE

Plaintiff is equitably estopped from asserting any claim for relief from Defendant.

///

///

**FOURTH DEFENSE**

Plaintiff's acceptance of prior payments constitutes an accord and satisfaction of all of Plaintiff's asserted claims.

**FIFTH DEFENSE**

Plaintiff's claims are barred by the payment doctrine.

**SIXTH DEFENSE**

The relief demanded by Plaintiff will result in unjust enrichment of Plaintiff at Defendant's expense.

**SEVENTH DEFENSE**

Any contract upon which Plaintiff's claims are based is unenforceable because it lacks material terms.

**EIGHTH DEFENSE**

Any contract upon which Plaintiff's claims are based is unenforceable because it is not supported by consideration.

**NINTH DEFENSE**

Any contract upon which Plaintiff's claims are based is unenforceable because there was no meeting of the minds.

**TENTH DEFENSE**

Any contract upon which Plaintiff's claims are based is unenforceable because it is a contract of adhesion that is inconsistent with Defendant's reasonable expectations.

**ELEVENTH DEFENSE**

Any contract upon which Plaintiff's claims are based is unenforceable because it was obtained through coercion and/or while Defendant was under duress.

**TWELFTH DEFENSE**

Any contract upon which Plaintiff's claims are based is unenforceable because the mistake of one or both parties.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred by the doctrine of unconscionability.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred because granting the relief requested would violate the implied covenant of good faith and fair dealing.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred because they are seeking recovery in excess of the reasonable, usual, and customary charges for similar hospital services.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred because they are seeking recovery in excess of the reasonable value of the hospital services provided.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred because they are seeking recovery in excess of the fair value of the hospital services provided.

**EIGHTEENTH DEFENSE**

Plaintiff's claims are preempted by federal law under 29 U.S.C. § 1144.

**WHEREFORE**, having fully responded to Plaintiff's Complaint, Defendant prays as follows:

1. That Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted;

2. That Defendant's defenses be inquired into and that the same be sustained;

3. That Defendant have judgment in his favor and against the Plaintiff;

4. That Plaintiff recover nothing against Defendant;

5. That all costs be taxed against the Plaintiff; and

6. That this Court enter such other and further relief as it deems just and proper under the circumstances.

This 9th day of March, 2020.

                                              */s/ Timothy L. Moore*
                                              Timothy L. Moore, Esq.
                                              CA Bar No. 305168
                                              Attorney for Defendant Prestige Care, Inc.

                                              FISHERBROYLES, LLP
                                              811 Mason Street
                                              San Francisco, CA 94108
                                              T: 619-678-1588
                                              F: 619-275-7479
                                              timothy.moore@fisherbroyles.com

**CERTIFICATE OF SERVICE**

I, Timothy L. Moore, hereby certify that on March 9, 2020, I electronically filed ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT PRESTIGE CARE, INC., with the Clerk for the United District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to counsel of record.

> <u>/s/ Timothy L. Moore</u>
> Timothy L. Moore